1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ALLEN LYNN JEFFRIES,                    1:08-cv-01501-AWI-BAK-GSA  HC

12                  Petitioner,              ORDER REQUIRING PETITION TO _____
                                             SUBMIT AN AMENDED PETITION
13        vs.                                (Doc. 1); THIRTY DAY DEADLINE

14   A. HEDGPETH,                            ORDER DIRECTING CLERK OF
                                             COURT TO SEND PETITIONER
15                  Respondent.              A BLANK FORM PETITION
     _____/

16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19        Petitioner filed the instant petition for writ of habeas corpus on August 6, 2008.  (Doc. 1).  In

20   the form petition, Petitioner lists his sole ground for relief as "Falsified rules violation report (CDC

21   115) failure to disclosed all information by witness for petitioner."  (Id., p. 5).

22        The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of

23   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

24   he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts

25   shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

26   custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to

27   the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has

28   held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that

                                             1

1    custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a

2    petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim

3    in state court resulted in a decision that was contrary to, or involved an unreasonable application of,

4    clearly established Federal law, as determined by the Supreme Court of the United States; or resulted

5    in a decision that was based on an unreasonable determination of the facts in light of the evidence

6    presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

7         Here, Petitioner does not allege a violation of the Constitution or federal law, nor does he

8    argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege

9    that the adjudication of his claims in state court "resulted in a decision that was contrary to, or

10   involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision

11   that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

12        A preliminary review of the petition shows that petitioner has not adequately completed the

13   form  petition by listing each ground for relief *along with a brief statement of facts supporting each*

14   *ground*.  This, in turn, prevents  the Court from carrying out its screening responsibility.

15        Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

16

17        " . . . shall specify all the grounds for relief which are available to the petitioner and of
          which he has or by the exercise of reasonable diligence should have knowledge *and*
          *Shall set forth in summary form the facts supporting each of the grounds thus*
18        *specified.*"

19   Rule 2(c), 28 U.S.C. § 2254 (emphasis supplied).   Additionally, the Advisory Committee Note to

20   these rules explains that:  " '(N)otice' pleading is not sufficient, for the petition is expected to state

21   facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted*

22   *approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).  "Conclusory

23   allegations which are not supported by a statement of specific facts do not warrant habeas relief."

24   James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

25        Here, Petitioner did not adequately fill out the portion of the petition setting forth the grounds

26   for relief and providing a brief statement of the facts in support thereof.   As a consequence, the

27   Court cannot determine what rules violation report is being challenged, or when that rules violation

28   report was adjudicated, or what disciplinary action was taken against Petitioner by Respondent, or

1    what events caused the issuance of the rules violation report, or what outcome of any administrative

2    proceeding relating to the rules violation report resulted.  Nor can the Court determine when any of

3    these events may have occurred.  Ascertaining the dates of these events is a necessary predicate to

4    determining whether the petition was filed within the one-year period specified for filing federal

5    habeas petitions.

6         It is not the duty of federal courts to try to determine what might constitute a claim for relief

7    or which claims Petitioner might intend to bring before the court.  Such duty is upon the individual

8    who asserts a denial of his constitutional rights.  The Court does not have access to Respondent's

9    files regarding the challenged rules violation report, and the Court will not attempt to guess as to the

10   relevant facts involved in the adjudication of such a rules violation report.   The Court cannot

11   proceed with the case until such claims are made clear and such relevant facts are provided by

12   Petitioner.

13                                   **ORDER**

14        Accordingly, it is HEREBY ORDERED that:

15        1.    Petitioner is GRANTED thirty (30) days from the date of service of this Order to

16              SUBMIT an AMENDED PETITION that clearly lists each ground for relief petitioner

17              intends to raise in this Court **along with a brief statement of supporting facts**.  The

18              amended petition should be clearly and boldly titled "AMENDED PETITION,"

19              contain the appropriate case number, and be an original signed under penalty of

20              perjury.

21              *Petitioner should also note that every pleading to which an amendment or supplement*

22              *is permitted must be retyped and filed so that it is complete in itself without reference*

23              *to the prior or superseded pleading.*  Local Rule 15-220.

24        2.    The Clerk of Court is DIRECTED to send petitioner a blank form petition for

25              petitioners filing pursuant to 28 U.S.C. § 2254.

26        Petitioner is forewarned that his failure to comply with this order may result in a

27   Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

28

                                          3

1
2
3
4
5
6
7         IT IS SO ORDERED.
8     **Dated:**   **September 24, 2009**              _____/s/ **Gary S. Austin**_____
9                                                      UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4