UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LYNN JEFFRIES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>A. HEDGPETH,<br><br>　　　　　　Respondent. | 1:08-cv-01501-AWI-JLT HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS AMENDED PETITION (Doc. 17)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his original petition on October 6, 2010.  (Doc. 1).  On October 13, 2009, Petitioner filed a first amended petition.  (Doc. 11).  On May 30, 2007, while Petitioner was incarcerated at Calipatria State Prison, a Rules Violation Report ("RVR") was filed against him claiming that he had failed to follow orders given by a prison employee.  (Doc. 11, Ex. A).  On June 12, 2007, a disciplinary hearing was held regarding the RVR, after which the hearing officer found that Petitioner had refused to follow an order while working in the dining room and, inter alia, was assessed thirty days' credits.  (Doc. 11, p. 14).  The amended petition, which challenges only the results of the June 12, 2007 disciplinary hearing and not Petitioner's underlying sentence or

conviction, raises the following claims: (1) the RVR was falsified because it failed to disclose all information regarding a witness (or witnesses) for Petitioner; (2) a correctional officer was listed as a witness for Petitioner although Petitioner did not request that this officer testify, thereby "confusing" the hearing officer, in violation of Petitioner's due process rights; (3) unlawful loss of thirty days' credits due to falsified RVR; and (4) unlawful loss of wages due to falsified RVR.  (Doc. 11, pp. 4-7).

On November 18, 2009, the Court ordered Respondent to file a response to the amended petition.  (Doc. 11).  On January 14, 2010, Respondent filed the instant motion to dismiss, contending that the claims do not state cognizable federal habeas claims and that the only claim that arguable raises a federal issue, Petitioner's due process claim, was not exhausted in state court.  (Doc. 17).   On February 3, 2010, Petitioner filed his opposition to the motion to dismiss.  (Doc. 18).  On February 17, 2010, Respondent filed a Reply.  (Doc. 19).  On March 8, 2010, Petitioner filed an objection to Respondent's Reply.  (Doc. 20).

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Because Respondent's motion to dismiss contends that the claims are not cognizable federal habeas claims and that the one claim that arguably raises a federal claim is not exhausted, Respondent's motion to dismiss is similar in its procedural standing to those motions authorized by the Ninth Circuit.  Therefore, based on the Rules Governing Section 2254 Cases and governing case law, the

Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B.  Failure To State A Cognizable Habeas Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Here, with the possible exception of Ground Two, which makes passing reference to a due process violation, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

Here, all of Petitioner's claims, with the possible exception of Ground Two, are, as

Respondent has correctly characterized them, simply "statements of fact" that are not accompanied by any federal legal theories that are cognizable in a habeas corpus proceeding. (Doc. 17, p. 3). Indeed, Petitioner does not even articulate identifiable state legal theories for the facts he relates in the amended petition. He appears to assume that when describes "falsifying" reports and employees who "lied" at the disciplinary proceeding, that is sufficient to alert the Court to the underlying legal theory on which Petitioner wishes to proceed. Petitioner is mistaken in his assumption. It is Petitioner's responsibility to identify for the Court the underlying legal bases for his claims. Even assuming, arguendo, that falsified reports and perjured witnesses would violate California state law, state law claims are not cognizable in a federal habeas proceeding. Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Moreover, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

Regarding Ground Two, Petitioner attempts to state a federal claim by alleging that employees of Respondent added a witness not requested by Petitioner, thus providing false and misleading information that "confused" the hearing officer, in violation of Petitioner's due process rights. However, Petitioner's broad assertion of a "due process" violation does not transform this state claim into a federal one. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect

the Court to explore all possible legal theories of due process in order to sustain such a generic claim. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner. Accordingly, Ground Two fails to state a federal question as well.[1]

### C.  Exhaustion of State Remedies

Respondent contends that, even if Ground Two states a cognizable federal claim, it has not been exhausted in state court. The Court agrees.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

---

[1] Respondent's motion to dismiss identifies two "additional" claims in the amended petition. (Doc. 17, p. 3). One of those "additional" claims appears to be the result of Respondent dividing one of the claims listed above into two parts. The other "additional" claim is found in part of Petitioner's narrative attached to the form petition, in which Petitioner appears to claim he was not afforded a classification hearing as required by California Regulations. The Court is not convinced that Petitioner has successfully raised this latter claim as a separate and independent ground for relief. The form petition lists only four grounds. Petitioner does not identify either a fifth or sixth ground in the amended petition. However, even assuming that Respondent is correct, the Court's analysis would not change. A claim that Petitioner was denied a classification hearing pursuant to state regulations is not a cognizable federal habeas claim and therefore cannot sustain this Court's habeas jurisdiction.

(9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In Respondent's motion to dismiss, Respondent has attached the state habeas petition filed by Petitioner in the California Supreme Court. (Doc. 17, Ex. 6). Respondent correctly argues that, in that state petition, Petitioner argued that the RVR was falsified, staff failed to disclose information from witnesses, and prison staff tampered with evidence. (Id.). Petitioner did not allege that his due process rights were violated nor, indeed, did he set forth at any point in that state petition any federal legal theory for habeas relief. (Id.). Thus, even if, arguendo, Ground Two in the amended petition states a federal habeas claim, it was never "fairly presented" to the California Supreme Court. Therefore, it is unexhausted.

1    Normally, when the petition contains both exhausted and unexhausted claims, the Court
2 would afford Petitioner an opportunity to withdraw the unexhausted claims and proceed on the
3 exhausted claims.  However, because, as discussed above, the remaining claims other than Ground
4 Two also fail to state cognizable federal claims, dismissing Ground Two would not serve any
5 discernable purpose, since the only remaining claims would be non-cognizable.  Accordingly, the
6 Court will recommend dismissal of the entire petition.

## RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 17), be GRANTED and that the amended petition be DISMISSED for failure to state claims upon which habeas relief can be granted and for lack of exhaustion.  This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 21, 2010**                              /s/ Jennifer L. Thurston
                                                                           UNITED STATES MAGISTRATE JUDGE